Stuart Price, Esq. (SBN: 150439)
PRICE LAW GROUP, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: 818-907-2030
F: 818-205-3730
E: stuart@pricelawgroup.com
Attorneys for Plaintiff,
Soheila Gooran

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOHEILA GOORAN,

            Plaintiff,

     vs.

THE HOME DEPOT, INC.; REGIONS
FINANCIAL CORP.; GREENSKY LLC;
EXPERIAN INFORMATION
SOLUTIONS, INC; EQUIFAX
INFORMATION SERVICES, LLC and
TRANS UNION, LLC.

            Defendants.

Case No.:

**COMPLAINT AND DEMAND FOR
JURY TRIAL FOR VIOLATION OF:**

1. THE FAIR CREDIT REPORTING
   ACT [15 USC § 1681 et. seq.]

2. CALIFORNIA CONSUMER
   CREDIT REPORTING AGENCIES
   ACT, [CAL. CIV. CODE §
   1785.25(a)]

**COMPLAINT AND DEMAND FOR JURY TRIAL**

       Plaintiff, Soheila Gooran ("Plaintiff"), through her attorneys, alleges the following

against Defendants, The Home Depot, Inc. ("Home Depot"), Regions Bank ("Regions

Bank"), GreenSky LLC ("GreenSky"), Experian Information Solutions, Inc ("Experian"),

Equifax Information Services, LLC ("Equifax") and Trans Union, LLC ("Trans Union").

COMPLAINT AND DEMAND FOR JURY TRIAL

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., which prohibits credit reporting agencies and furnishers from reporting incomplete or inaccurate information.

2. Count II of Plaintiff's Complaint is based upon the California Consumer Credit Reporting Agencies Act, CAL. CIV. CODE § 1785 et seq. ("CCCRAA"), which prohibits furnishers from reporting incomplete or inaccurate information.

## PARTIES

1. Plaintiff Soheila Gooran is a consumer, a natural person allegedly obligated to pay a debt, and a citizen of the United States of America who presently resides in Los Angeles County, California.

2. Defendant Home Depot is a home improvement supplies retailing company that sells tools, construction products, and services. Home Depot's main headquarters is in unincorporated Cobb County, Georgia with an Atlanta mailing address.  Home Depot regularly transacts business throughout the United States, including California, and their agent for service of process is CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 95833.

3. Defendant Regions Bank, a subsidiary of Regions Financial Corporation, is a bank and financial services company, providing retail and commercial banking, trust, securities brokerage, mortgage and insurance products and services. Regions Bank is headquartered in the Regions Center in Birmingham, Alabama, and regularly transacts business throughout the United States, including California, and their agent for service

COMPLAINT AND DEMAND FOR JURY TRIAL

of process is CSC- Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA, 95833.

4.  Defendant GreenSky LLC is a private financial technology company founded in 2006 The company provides technology to banks and merchants to make loans to consumers for home improvement, solar, healthcare and other purposes.  From 2012 to 2016 nearly $5 billion had been lent through the GreenSky credit program. GreenSky is headquartered in Atlanta, Georgia, and GreenSky regularly transacts business throughout the United States, including California, and their agent for service of process is National Registered Agents, Inc., 818 West Seventh Street - Suite 930, Los Angeles, California 90017.

5.  Defendant Experian is a *credit reporting agency*, as defined in 15 USC 1681a(f)).  On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Experian can be served through its principal place of business located at 475 Anton Boulevard, Costa Mesa, California, 92626.

6.  Defendant Trans Union is a *credit reporting agency*, as defined in 15 USC 1681a(f)). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Trans Union can be served through its principal place of business located at 1901 Avenue of the Stars, Suite 700, Los Angeles, California, 90067.

COMPLAINT AND DEMAND FOR JURY TRIAL

7. Defendant Equifax is a *credit reporting agency*, as defined in 15 USC 1681a(f). On information and belief, Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing *consumer reports*, as defined in 15 USC 1681a(d), to third parties. Equifax can be served through its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia, 30309.

8. On information and belief, Experian disburses the *consumer reports* to third parties under contract for monetary compensation.

9. On information and belief, Trans Union disburses the *consumer reports* to third parties under contract for monetary compensation.

10. On information and belief, Equifax disburses the consumer reports to third parties under contract for monetary compensation.

11. At all relevant times, all Defendants acted through duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

12. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331; 15 U.S.C. 1681.

13. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Defendants transacts business in this district, as such personal jurisdiction is established.

///

- 4 -

COMPLAINT AND DEMAND FOR JURY TRIAL

## **FACTUAL ALLEGATIONS**

14. Plaintiff had a Home Depot credit account ("Home Depot account"), numbered xxxxxxxxx350.

15. Equifax reports the account as belonging to THD ("The Home Depot") Loan Services/Regions Bank.

16. Experian reports the account as belonging to REGIONS BK/GREENSKY CRED.

17. TransUnion reports the account as belonging to REGIONS BANK/THD LOAN SV.

18. In April of 2016, Plaintiff received a letter from Home Depot Loan Services, dated April 5, which offered to settle her account for 60% of the $10,582.60 that she allegedly owed.

19. The letter further stated: "Regions Bank, an Alabama banking corporation, is the lender on your Home Depot Project Loan."

20. On May 24, 2017, Plaintiff, through counsel, sent a letter to Home Depot offering to settle the account for $4,761.00.

21. On May 26, 2017, Home Depot Project Loan Services agreed to accept $4,762.17 to settle the account in full (for less than full value).

22. On June 1, 2017, Plaintiff timely paid $4,762.17 to THD Loan Svcs.

23. At that point, the account had been settled and no balance was owed on the account.

24. Plaintiff had been actively working to repair her credit and decided to look over her credit reports; On November 20, 2018, Plaintiff pulled her credit reports from Defendants Equifax, Experian, and TransUnion.

25. The Equifax report showed the Home Depot account with a balance of $5,820; the difference between original balance less the payment made in June.

COMPLAINT AND DEMAND FOR JURY TRIAL

26. Inexplicably, the report shows the account as a "Charge-Off" between March and May of 2016 and then from July 2016 to October 2017 the account is reported as a "Charge-Off" in the amount of $10,583.00 with a past due amount of $689.

27. The Experian report showed a balance of $5,820 as of 10/31/2017. It's status shows "Account charged off.  $10,583 written off.  $689 past due as of Oct 2017."

28. Unlike the others, the TransUnion report only reported through September 2017.  As of September 2017, it showed a balance of $5,820 with $517 past due.  The status reported the account as charged off and the charge off amount was $10,583.

29. On November 30, 2017, Plaintiff sent letters to the three reporting agency Defendants, Equifax, Experian, and TransUnion, disputing their reporting of Plaintiff's account.

30. As they are required to do, the reporting agencies forwarded the dispute to the creditor.

31. The Equifax 12/22/17 response states "We have researched the credit account… The results are: "We have verified that the item has been reported correctly.  Additional information has been provided from the original source."  The report goes on to show a payment of $4,762 in June 2017 and showed the November 2017 balance as $5,820. It reported the current balance as $0.  In additional information, it stated "Account Paid For Less Than Full Balance: Paid Charge Off."

32. The Experian response, dated December 13, 2017, showed a reported balance of "Not reported."  However, even though the account was settled in May 2017, the report showed a balance of 5,820 from May 2017 through October 2017, which was the most recent available entry.

COMPLAINT AND DEMAND FOR JURY TRIAL

33. The TransUnion response, dated December 29, 2017, was perhaps most perplexing of all.  It said that the account "SETTLED-LESS THAN FULL BLNC" Inexplicably, it said the account was closed 12/15/2015, a date that seems to have been pulled from thin air.

## <u>COUNT I – FIRST CLAIM FOR RELIEF</u>
**Defendants Violated of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et. seq.***

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. The FCRA requires furnishers, such as Home Depot, Regions Banks, and GreenSky, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to disputed information, to review all information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnishes has provided the inaccurate information.

36. It is unclear which furnisher was conducting the investigation into the incorrect information.  Regions Bank is the only one listed by all three credit reporting agencies in the name of the account.  Home Depot was the one sending letters and the one who entered into the settlement agreement with Plaintiff.  Notwithstanding all that, the address which the credit reporting agencies list for the account appears to be GreenSky's address.

COMPLAINT AND DEMAND FOR JURY TRIAL

37. It is further perplexing that the three credit reporting agencies reported different things to one another at the same, and the same things as one another at different times.

38. Defendants should be liable under sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    (a)    willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    (b)    willfully and negligently failing to report the results of the investigations to the relevant consumer reporting agencies;

    (c)    willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    (d)    willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    (e)    willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the credit reporting agencies; and

    (f)    willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

39. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable for compensation to Plaintiff for the full amount of

COMPLAINT AND DEMAND FOR JURY TRIAL

statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. § 1681n.

40. The FCRA provides that if the completeness or accuracy of any item of information contained in a consumer's file at a *consumer reporting agency* is disputed by the consumer and the consumer notifies the agency directly of such dispute, the agency shall conduct a reasonable investigation to determine whether the disputed information is inaccurate or delete the item from the file within thirty (30) days of receiving the consumer's dispute notice. 15 U.S.C. § 1681i(a)(2)(A).

41. The Act further requires the credit reporting agency, within 5 business days of receiving notice of the consumer's dispute, to provide notification of the dispute to the person who furnished the information in dispute and requires the credit reporting agency to "include all relevant information regarding the dispute that the agency received from the consumer." 15 U.S.C. § 1681i(a)(2)(A). In conducting its reinvestigation of disputed information in a consumer report, the credit-reporting agency is required to "review and consider all relevant information by the consumer."

42. Experian, Equifax and Transunion, the credit reporting agencies, failed to conduct a reasonable reinvestigation of the inaccuracy that the Plaintiff disputed.

43. Defendants Experian, Equifax and TransUnion failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports, information and file, in violation of 15 U.S.C. § 1681e(b).

44. As a result of the above-described violations of 15 U.S.C. § 1681i and § 1681e(b), Plaintiff has sustained damages.

COMPLAINT AND DEMAND FOR JURY TRIAL

45. Defendants Experian, Equifax and TransUnion's violations of the FCRA were willful, and therefore Plaintiff seeks actual damages to be proven, statutory damages, punitive damages, and attorney's fees and costs.

## COUNT II – SECOND CLAIM FOR RELIEF
**Defendants violated the California Consumer Credit Reporting Agencies Act, (CCCRAA), California Civil Code §§1785.25(a)**

46. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47. California Civil Code § 1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

48. California Civil Code § 1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the credit reporting agency of that determination and provide corrections to the credit reporting agency that is necessary to make the information complete and accurate.

49. California Civil Code § 1785.25(c) provides that if the completeness or accuracy of any information on a specific transaction or experience provided to a credit reporting agency is disputed by the consumer, the furnisher may not continue reporting the information unless it provides a notice to the credit reporting agency that the information is disputed by the consumer.

50. Defendants, by and through their agents and employees, violated the provisions of the California Consumer Credit Reporting Agencies Act by furnishing information

COMPLAINT AND DEMAND FOR JURY TRIAL

on the Plaintiff to one or more credit reporting agencies even though Defendants knew, or consciously avoided knowing, that the information was inaccurate.

51. Based on these violations of California Civil Code § 1785.25, Plaintiff is entitled to the remedies afforded by California Civil Code § 1785.31, including actual damages, pain and suffering, injunctive relief, punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper, and attorney's fees and costs.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request that judgment be entered against Defendant for the following:

A.  Actual damages;

B.  Statutory damages;

C.  Punitive Damages;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o, and Cal. Civ. Code § 1788.30;

E.  Any pre-judgment and post judgment interest as may be allowed under the law; and

F.  For such other and further relief as the Court may deem just and proper.

///

///

///

///

COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 27th day of February 2018.

**PRICE LAW GROUP, APC**

By: /s/ Stuart M. Price
Stuart Price, CA# 150439
stuart@pricelawgroup.com
Attorneys for Plaintiff  Soheila Gooran